IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| AURELIA HERNANDEZ, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 4:14-CV-322-O |
| § | |
| JODY R. UPTON, Warden, § | |
| FMC-Carswell, § | |
| § | |
| Respondent. § | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Aurelia Hernandez, a federal prisoner confined at the Federal Medical Center-Carswell (FMC-Carswell) in Fort Worth, Texas, against Jody R. Upton, warden of FMC-Carswell, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed for lack of subject matter jurisdiction.

**I. BACKGROUND**

Petitioner is serving a 360-month term of imprisonment for her 2011 convictions in the United States District Court for the Western District of Texas for conspiracy; smuggling firearms; making false statements in firearm records and aiding and abetting; felon in possession of a firearm; conspiracy to commit money laundering; and money laundering. Resp't's App. 1-2, ECF No. 8. The Fifth Circuit affirmed the trial court's judgement. *Id.* 17. Although Petitioner moved the trial court for an extension of time to file a § 2255 motion, the court denied the motion. Mot. & Order, United States v. Hernandez, Criminal Docket for Case #:1:11-cr-00131-LY-2, ECF Nos. 683-84. In this § 2241 petition, Petitioner raises three grounds challenging her convictions, wherein she claims:

(1)  She is hearing-impaired and did not comprehend the trial proceedings and her attorney and the trial court ignored her impairment and, instead of giving her an "auditory evaluation," she was subjected to a mental evaluation.

(2)  Her hearing-impairment caused a "communication breakdown" and a conflict with her attorney; and

(3)  The venire panel was prejudiced.

Pet. 1-2, ECF No. 1.

Petitioner expressly states that she is "petitioning [her] conviction and sentence." Pet. 2, ECF No. 1. She seeks immediate, unconditional release or a new trial. *Id.*

## II. DISCUSSION

As a general rule, a federal prisoner who seeks to challenge collaterally the legality of a conviction or sentence must do so in a § 2255 motion to vacate, set aside, or correct sentence. *Padilla v. United States*, 416 F.3d 424, 425-26 (5th Cir. 2005); *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Such claims may only be raised in a § 2241 petition if the petitioner establishes that the remedy under § 2255 is inadequate or ineffective to test the legality of his or her detention. *Tolliver v. Dobre,* 211 F.3d 876, 877 (5th Cir. 2000). The burden of demonstrating the inadequacy of the § 2255 remedy rests with the petitioner. *Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir. 2001). In order to meet this burden, a petitioner must show that (1) the claim is based on a retroactively applicable Supreme Court decision, (2) the claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion, and (3) that retroactively applicable decision establishes that he may have been convicted of a nonexistent offense. *Garland v.* Roy, 615 F.3d 391, 394 (5th Cir. 2010); *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).

Although Petitioner does not raise a savings-clause argument, it is clear that she cannot meet the three requirements from the face of the petition.[1] Petitioner cites no retroactively applicable Supreme Court decision that would arguably decriminalize her conduct, nor were her claims foreclosed at the time of her trial or appeal and she has not filed an initial § 2255 motion. In fact, Petitioner's first claim was raised and rejected on direct appeal. Resp't's App. 14-15, ECF No. 8. Petitioner asserts that she was denied an extension of time to file a § 2255 motion in the trial court "while awaiting for evidence [she] requested from U.S. Custom[s] and previous attorney." However, the fact that she allowed the one-year statute of limitations to expire before filing a § 2255 motion does not render § 2255 ineffective. Petitioner cannot show that the remedy by § 2255 motion is inadequate or ineffective to test the legality of her sentence. A § 2241 petition is not an alternative to the relief afforded by motion in the sentencing court under § 2255. *Pack v. Yusuff,* 218 F.3d 448, 452 (5th Cir. 2000) (quoting *Williams v. United States,* 323 F.2d 672, 673 (10th Cir.1963)). The fact that procedural barriers may prevent Petitioner from filing a future § 2255 motion does not change this result. *Jeffers*, 253 F.3d at 830 (holding that prior unsuccessful § 2255 motion or the inability to meet the statute's second or successive requirement does not make § 2255 inadequate or ineffective); *Pack,* 218 F.3d at 453 (holding that prior, unsuccessful § 2255 motion, the limitations bar, and successiveness do not render the § 2255 remedy inadequate or ineffective). Because any challenge to Petitioner's convictions and sentences does not fall within the savings clause of § 2255(e), it is not cognizable in a § 2241 petition.

---

[1] In her "response in opposition," Petitioner requests appointment of counsel, however a federal prisoner serving a noncapital sentence has no right to appointment of counsel in a habeas proceeding. *McFarland v. Scott,* 512 U.S. 849, 857 n.3 (1994).

**III. CONCLUSION**

For the reasons discussed herein, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED** for lack of subject matter jurisdiction. A certificate of appealability is denied.

**SO ORDERED** on this 5th day of May, 2015.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**